MacLeod-Mancuso, Bonnie H., J.
The plaintiff brought this action pursuant to the Health Care Whistleblower statute, G.L.ch. 149, §187(d), based upon the defendants’ alleged termination of his employment in retaliation for his whistle-blowing about the accounting and billing procedures of the defendants. Before this Court is the defendants’ Motion to Dismiss under Mass.R.Civ.P. 12(b)(6) and 12(b)(8). For the reasons set forth below, the defendants’ motion is ALLOWED.

BACKGROUND

The plaintiff, Ronald S. Cohen (“Cohen”), was employed by defendants, Trustees of Tufts University (“Tufts University”), from September of 2005 until January of 2006. Cohen was employed as a practice *419 manager at the Tufts Fernald facility in Waltham, and was responsible for “managing the business and billing activities of eight satellite dental clinics for the disabled operated by Tufts Dental School.” Complaint ¶9. Charges by the dental clinics for which Cohen managed the billings operations were billed to and paid by the Mass-Health insurance program. During his employment, Cohen reported to defendant, John P. Morgan, D.D.S. (“Dr. Morgan”).
Around January 12, 2006, Joanne Kosiorek (“Kosiorek”), a Tufts Dental Clinic manager, allegedly asked Cohen to enter charges into the billing system for procedures that had not been performed or completed. Cohen refused to comply. Shortly thereafter, Cohen was called to Dr. Morgan’s office, and was instructed by Dr. Morgan to follow Kosiorek’s directions “without exception,” and to bill as she instructed in order to “bring money into the practice.” Complaint ¶¶17-18. Kosiorek also instructed Cohen to embellish other forms. Complaint ¶19.
Cohen, believing such practices to be fraudulent and unlawful, discussed his concerns with both the Clinical Director and Academic Coordinator of the Tufts Fernald facility. Around January 20, 2006 Cohen sent an incident report to both Lonnie Norris, Dean of Tufts Dental School, and Laura Karabello, Senior Human Resources Representative ofTufts Dental School. On or about January 25, 2006, Dr. Morgan informed Cohen that his probationary employment period would not be extended and that he was being terminated immediately. Complaint ¶¶20-24.
Cohen filed this action on November 8, 2006, alleging that Tufts University and its Dental School engaged in retaliation in violation G.L.ch. 149, §187(d), the so-called Health Care Whistleblower statute, and further claiming that Dr. Morgan intentionally interfered with Cohen’s advantageous contractual relations with Tufts University.
In their motion to dismiss, the defendants maintain that Cohen cannot invoke the provisions of G.L.ch. 149, § 187(d) because Cohen is not a “health care provider” as defined by the statute and because the alleged billing practices at issue do not pose the statutorily required risk to the public health. The defendants also maintain that Cohen’s allegation of intentional interference with advantageous contractual relations against Dr. Morgan cannot stand because Cohen has not alleged any conduct on the part of Morgan rising to the level of actual malice. The plaintiff maintains that he does fit the definition of a health care provider and that the billing practices complained of do pose a risk to the public health because such practices allow for needed dental treatment for disabled persons to go unperformed.
The plaintiff has not opposed the defendants’ motion, under Mass.R.Civ.P. 12(b)(8), to dismiss Count II for misnomer of Tufts University School of Dental Medicine as a party. This issue will therefore not be addressed in the discussion below.

DISCUSSION

Motion to Dismiss Standard

A court will grant a motion to dismiss when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992) (citing Nader v. Citron, 372 Mass. 96, 98 (1977)). In reviewing a motion to dismiss, the court must accept the well-pleaded allegations in the complaint and must accept as true inferences.drawn in the plaintiffs favor. Blank v. Chelmsford Ob/Gyn P.C., 420 Mass. 404, 407 (1999).

G.L.ch. 149, §187, Health Care Whistleblower Statute

Under Massachusetts G.L.ch. 149, §187(b)(3), a “health care facility” is prohibited from taking retaliatory action against a “health care provider” for objecting to or refusing to “participate in any activity, policy or practice of the health care facility” that “the health care provider reasonably believes is in violation of a law or rule ... or violation of professional standards of practice which the health care provider reasonably believes poses a risk to public health.” Subsection (a) of G.L.ch. 149, §187 defines a “health care provider” as:
an individual who is a licensed health care provider under the provisions of chapter 112 including, but not limited to, registered nurses, licensed practical nurses, physicians, physician assistants, chiropractors, dentists, occupational therapists, physical therapists, optometrists, pharmacists, podiatrists, psychologists and social workers or any other health care provider who performs or has performed health care related services for and under the control of a health care facility for care-related services.
While the definition of a “health care provider” includes, but is “not limited to” the list of providers given, the term does not extend to all employees who work for a health care facility, but only those who provide health care. Cohen was employed by Tufts University as a billing practices manager. Such an administrative occupation does not fall within the provisions of the statute.
As noted above, G.L.ch. 149, §187(b)(3) prohibits a health care facility from retaliating against a health care provider who objects or refuses to participate in an activity or practice of the health care facility that the health care provider “reasonably believes is in violation of a law or rule... or violation of professional standards of practice which the health care provider reasonably believes poses a risk to public health.” In this respect, G.L.ch. 149, § 187 “is specific to the health care industry and is designed to safeguard patient care *420 by protecting the rights of health care providers who expose deficiencies in care that violate laws or regulations or professional standards that endanger public health.” Commodore v. Genesis Health Ventures, Inc., 63 Mass.App.Ct. 57, 66 (2005).
In his Complaint, Cohen has not alleged that he refused to participate in an activity of Tufts University or its School of Dental Medicine that he reasonably believed posed a risk to public health. Cohen alleges only that he complained of the billing practice he was instructed to follow. The billing practices alleged by Cohen, administrative in nature, cannot reasonably be viewed as “deficiencies in care that violate laws or regulations or professional standards that endanger public health.” Commodore, 63 Mass.App.Ct. at 66. In his reply to the defendants’ Motion to Dismiss, Cohen asserts that the billing practices he complained of do pose a risk to the public health because such practices might allow for needed dental treatment for disabled persons to go unperformed. This assertion is insufficient to overcome the fact that Cohen, while employed by Tufts University, never complained about dented treatment for disabled persons going unperformed. Cohen merely took issue with the manner in which he was instructed to bill for certain procedures. As noted, such procedures cannot reasonably be viewed as posing a danger to public health.
Because Cohen is not a health care provider as defined under G.L.ch. 149, §187, and has not complained of activities or practices that, as required by the statute, could reasonably be viewed as posing a danger to public health, his invocation of G.L.ch. 149, §187 fails as a matter of law.

Intentional Interference with Advantageous Contractual Relations

To sustain a claim for intentional interference with advantageous contractual relations, a plaintiff must allege that (1) he had an advantageous employment relationship with his employer; (2) the defendant knowingly induced the employer to break that relationship; (3) the defendant’s interference, in addition to being intentional, was improper in motive or means; and (4) the employee was harmed by the defendant’s actions. Weber v. Cmty. Teamwork, Inc., 434 Mass. 761, 781 (2001). Moreover, to sustain a claim against a supervisory employee who has the authority to terminate the employee, the plaintiff must show that, as to “improper motive or means,” the controlling factor in the alleged interference must have been actual malice, not merely implied malice. Id. In turn, such actual malice is defined as “a spiteful, malignant purpose, unrelated to the legitimate corporate interest of the employer.” Id. (citing Boothby v. Texon, Inc. 414 Mass. 468, 487 (1993) (internal quotation omitted)). To satisfy the actual malice standard, a supervisor’s behavior “must rise to the level of personal hostility or ill-will.” Weber, 434 Mass. at 783.
Cohen’s allegations are insufficient to meet the above requirements. In his Complaint, Cohen alleges that Morgan (1) told Cohen to do whatever Kosiorek directed; (2) told Cohen to bill as he was told in order to bring money to the practice; and (3) told Cohen that his probationary period would not be extended and that he was being terminated. Such allegations are insufficient to bring a claim that Morgan intentionally interfered with a contract between Cohen and Tufts University by improper motive or means. See Berkshire Armored Car Servs. v. Sovereign Bank of New Eng., 65 Mass.App.Ct. 96, 102 (2005).

ORDER

It is hereby ORDERED that the defendants’ Motion to Dismiss be ALLOWED.